UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDREW M.,

                                                                                                                        DECISION AND ORDER

                     Plaintiff,

                                                                                                 23-CV-6149DGL

            v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On February 20, 2020, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since October 15, 2019. (Administrative Transcript, Dkt. #3 at 15). His applications were initially denied. Plaintiff requested a hearing, which was held October 12, 2021 via teleconference before Administrative Law Judge ("ALJ") David F. Neumann. The ALJ issued an unfavorable decision on February 24, 2022 (Dkt. #3 at 15-29). That decision became the final decision of the Commissioner when the Appeals Council denied review on January 26, 2023. (Dkt. #3 at 1-3). Plaintiff now appeals.

The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) and requests remand of the matter for further proceedings (Dkt. #4), and the Commissioner has cross moved (Dkt. #5) for judgment on the pleadings. For the reasons set forth below, the plaintiff's

motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

### DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, and concluded that plaintiff had the following severe impairments, not meeting or equaling a listed impairment: scapular dyskinesis (deviation of the normal position of the shoulder blade during movement), mild degenerative changes in the thoracic spine, adjustment disorder, anxiety disorder, cannabis use disorder, and sedative use disorder. (Dkt. #3 at 18).

Applying the special technique for mental impairments, the ALJ found that plaintiff has moderate limitations in understanding, remembering, or applying information, moderate limitations in interacting with others, moderate limitations with regard to concentration, persistence and pace, moderate limitations in adapting or managing himself. (Dkt. #3 at 19-20). He therefore concluded that plaintiff's mental impairments were not, by themselves, disabling.

Plaintiff was 29 years old on the alleged disability onset date, with a high school education and past relevant work as an aide, plumber apprentice, and plumber drafter. (Dkt. #3 at 27). The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform light work, with the ability to lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently.

He can stand or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. Plaintiff can perform pushing and pulling with all extremities within the aforementioned weight restrictions, but can no more than occasionally reach overhead with his left upper extremity. He must avoid climbing ladders, ropes, or scaffolds, unprotected heights, and dangerous machinery. He is limited to simple, routine, repetitive work with a standard vocational preparation level ("SVP") of 1 or 2, can no more than occasionally tolerate changes in the work setting, and cannot perform production rate or pace work. (Dkt. #3 at 21).

When presented with this RFC as a hypothetical at the hearing, vocational expert ("VE") Susan Moyes testified that such an individual could not perform any of plaintiff's past relevant work, but could perform the light unskilled jobs of marker, mail clerk, and housekeeping cleaner. (Dkt. #3 at 28). The ALJ accordingly found plaintiff not disabled.

**I.     The ALJ's Assessment of the Medical Opinion Evidence**

Initially, plaintiff argues that the ALJ failed to properly consider the medical opinions of treating licensed clinical social worker Erin Roelle, and treating nurse practitioner Catherine Kamm.

The Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§404.1520c(a), 416.920c(a). Rather, the Commissioner will consider all medical opinions in light of five factors: (1) supportability; (2) consistency with other evidence of record; (3) the source's relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, and the nature, purpose and extent of the treating or examining relationship; (4) area of specialization; and (5) any

other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* at §§ 404.1520c(c), 416.920c(c).

The ALJ must articulate his consideration of the medical opinion evidence, specifying how persuasive he finds each of the medical opinions of record, and must specifically explain how the supportability and consistency factors were weighed. *See Salleh D. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 427 at *9-*11 (W.D.N.Y. 2022). "Although an ALJ may afford various weights to portions of a medical source opinion, the ALJ is still required to provide reasoning to support [his or] her various weight determinations," in order to permit meaningful judicial review. *Yasmine P. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 154176 at *10 (W.D.N.Y. 2022).

Ms. Roelle completed a mental RFC assessment on August 23, 2021, opining based on a six-month treatment history that plaintiff's mental health symptoms produced "marked or serious" limitations with respect to social interactions, and maintaining attention and concentration, and indicated that plaintiff would be unable to work for three months. (Dkt. #3 at 1196-1200). The ALJ acknowledged Ms. Roelle's treating relationship with plaintiff, but found that her opinion was "not persuasive" because it was inconsistent with the objective findings during plaintiff's consultative psychiatric evaluation on July 20, 2020 (Dkt. #3 at 875-80, noting cooperative demeanor, fair social skills, coherent thought processes, flat affect, intact attention and concentration, mildly impaired memory, good insight, good judgment), as well as with plaintiff's self-reported activities of daily living, and his lack of inpatient psychiatric treatment. (Dkt. #3 at 27, 334-44, 419-26).

On November 15, 2021, Ms. Kamm completed a physical RFC based on a nearly 2-year treatment history. She indicated that due to chronic left shoulder pain, poorly controlled attention deficit hyperactivity disorder, and anxiety, plaintiff cannot lift or carry any amount of weight, use his left hand to grasp, turn, and twist for more than 25% of the workday, or walk for more than 2

4

city blocks. He would require the option to change positions at will, would need 1-2 unscheduled additional breaks per shift to rest, would miss at least four days of work per month, and would be mentally unable to satisfy the minimum requirements of even low stress jobs or unskilled work. (Dkt. #3 at 1305-12). The ALJ found Ms. Kamm's opinion "not persuasive," noting that despite her treatment relationship with the plaintiff, her highly restrictive opinion was inconsistent with the objective medical evidence of plaintiff's physical and mental impairments (which contained grossly normal findings, except with respect to his left shoulder, and his anxiety and/or attention issues), as well as the opinions of consulting psychiatrist Dr. Gregory Fabiano, consulting internist Dr. Susan Dantoni, agency reviewer Dr. S. Putcha, agency reviewer Dr. A. Periakaruppan, agency reviewer Dr. D'Ortona, and agency reviewer Dr. Kamin, all of which the ALJ found persuasive or partially persuasive. (Dkt. #3 at 27).

      I find no error in the ALJ's assessment of Ms. Roelle's and Ms. Kamm's opinions. Initially, Ms. Roelle's opinion did not satisfy the durational requirement. Moreover, the ALJ's observations concerning the opinions' inconsistency with other evidence of record were sufficiently explained and not erroneous, and the ALJ's ultimate RFC determination was supported by substantial evidence of record, including the opinions of examining and reviewing physicians, mild findings on x-ray and MRI imaging studies of plaintiff's spine, and objective examination findings which were grossly normal, except with respect to the particular spinal, shoulder, and mental health impairments that the ALJ found to be severe impairments, and for which his RFC determination was crafted to account. The objective test results, treatment records, and opinions from consulting and reviewing physicians upon which the ALJ relied were properly considered, and comprised substantial evidence in support of his RFC determination. *See generally Peets v. Kijakazi*, 2022 U.S. App. LEXIS 34787 at *4-*5 (2d Cir. 2022).

## II. The ALJ's Step Five Determination

Plaintiff also argues that the ALJ erred in finding, at Step Five of the sequential analysis, that there were jobs in the economy that plaintiff could perform. Specifically, plaintiff alleges that the ALJ erred when he failed to reconcile an apparent conflict between the Dictionary of Occupational Titles ("DOT") descriptions of the jobs identified by the VE, and the RFC determination posed to the VE by the ALJ.

Here, the Court agrees.

It is well settled that an ALJ's "failure to reconcile vocational expert testimony with apparent conflicts [with the DOT] cannot represent substantial evidence." *Ronald S. v. Kijakazi*, 2023 U.S. Dist. LEXIS 404 at *5 (W.D.N.Y. 2023)(internal quotation marks and citations omitted). As such, "whenever the Commissioner intends to rel[y] on [a] vocational expert's testimony, [he or] she must identify and inquire into all those areas where the expert's testimony *seems to* . . . conflict with the [DOT]." *Id*. (quoting *Lockwood v. Comm'r of Soc. Sec.*, 914 F.3d 87, 84 (2d Cir. 2019)). Further, an ALJ may not satisfy his obligation simply by asking the VE the "catch-all" question of whether his or her testimony is consistent with the DOT: the "onus [is] on the Commissioner, acting through her ALJs, to affirmatively . . . identify, explain and resolve" apparent conflicts. *See Lockwood*, 914 F.3d 87 at 93-94 (internal citations omitted). Where an "ALJ denies benefits based on evidence that conflicts with the DOT without taking any steps to resolve the conflict, remand is warranted." *David F. v. Kijakazi*, 202 U.S. Dist. LEXIS 33880 at *11 (N.D.N.Y. 2022).

The jobs identified by the VE (marker, mail clerk, and housekeeping cleaner) are described in the DOT as requiring frequent reaching. The Social Security Administration defines reaching as the ability to "[e]xtend the *hands and arms* in any direction," yet the ALJ's RFC determination

6

limited plaintiff to only "occasional" overhead reaching with his left dominant upper extremity. *See* DOT, App. C; SSR 85-15, 1985 SSR LEXIS 20 (emphasis added).

District courts in this Circuit considering whether a reaching limitation specific to one arm presents an apparent conflict with the need to frequently reach, "in any direction," with the "hands and arms," have overwhelmingly found that it does. *See Roderick R. v. Commissioner*, 2023 U.S. Dist. LEXIS 91888 at *14 (W.D.N.Y. 2023); *Ronald S.*, 2023 U.S. Dist. LEXIS 404 at *5-*6; *Jetaun C.R. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 186854 at *9 (W.D.N.Y. 2022); *Kenneth M. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 62586 at *21 (W.D.N.Y. 2022); *Huff v. Comm'r of Soc. Sec.*, 2020 U.S. Dist. LEXIS 146077 at *12 (W.D.N.Y. 2020); *Marjanovic v. Comm'r of Soc. Sec.*, 2020 U.S. Dist. LEXIS 110811 at *10 (W.D.N.Y. 2020); *Maleski v. Comm'r of Soc. Sec.*, 2020 U.S. Dist. LEXIS 6158 at *15 (W.D.N.Y. 2020); *Dorshanne G. v. Comm'r of Soc. Sec.*, 2018 U.S. Dist. LEXIS 165109 at *9-*10 (N.D.N.Y. 2018). Given that the DOT defines "reaching" as the ability to extend both the "hands" (plural) and "arms" (plural), "in any direction," I concur that a DOT job description that requires "frequent reaching" presents an apparent conflict with an RFC that includes less-than-frequent reaching limitations by one or both hands or arms, in any direction.

The Commissioner argues that to the extent there was an apparent conflict, it was sufficiently resolved by the vocational expert's testimony.

The Court disagrees. The VE stated at the beginning of her testimony that it would be "consistent with the [DOT] and its companion publications," and that she would "identify any areas of conflict with those sources, the reasons for the conflict, and any other sources of information that [she] use[d]." (Dkt. #3 at 61). When the ALJ posed his RFC finding to the VE – including a limitation to occasional reaching with the left, dominant extremity – as a hypothetical,

the VE testified, without elaboration, that such a person could perform the light exertion positions of merchandise marker, mailroom mail clerk, and housekeeping cleaner. (Dkt. #3 at 69).

While the ALJ did not identify any apparent conflict between the VE's testimony and the DOT descriptions of the jobs she identified, plaintiff's counsel did, and questioned the VE about it. When asked to explain the basis for her testimony that plaintiff could perform jobs requiring "frequent reaching" despite a limitation to occasional overhead reaching with his left dominant hand, the VE testified that, "the DOT does not distinguish between the different types of reaching. So while there is frequent reaching, the actual overhead [reaching], with these particular jobs, is occasional." (Dkt. #3 at 71-72).

Neither the ALJ nor plaintiff's counsel inquired as to the basis for the VE's belief as to how much overhead reaching was "actual[ly]" required for the identified positions, nor did the VE otherwise offer any. I do not find that the VE's mere invocation of the word "actual" provided a sufficient basis for the ALJ to assess whether the VE's testimony was based on her knowledge and professional experience rather than mere speculation, or whether her testimony was otherwise entitled to be credited over the DOT definitions of the jobs she had described.

Furthermore, the ALJ appears to have made a factual error, misstating the scope and basis of the VE's testimony in his decision. In finding plaintiff not disabled, the ALJ stated that the VE had "testified that the actual overhead reaching required *by most jobs* is not more than occasional *based on her knowledge and experience*," when in fact, no such testimony was presented. (Dkt. #3 at 28 n.2)(emphasis added). Instead, the VE's testimony was specific to the three jobs she had identified, and not to "most jobs," and she never used the words "knowledge" or "experience," or identified any other basis for her opinion as to the "actual" overhead reaching requirements for

8

those positions. (Dkt. #3 at 71-72)("with these three provided jobs…the actual overhead, with these particular jobs, is occasional…").

Given that the ALJ did not elicit testimony by the VE that was sufficient to resolve the apparent conflict between the relevant DOT definitions and the VE's testimony, and that his attempt to do so in his decision was premised on a factual misunderstanding of the VE's testimony, I find that his decision was not supported by substantial evidence. Remand is therefore required.

Because I find that remand is necessary for the reasons set forth above, I decline to reach plaintiff's additional arguments.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence, and was the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #4) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #5) is denied, and this matter is remanded for further proceedings, included but not limited to the reevaluation of plaintiff's claim at Step 5, and rendering a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 8, 2024.